**Frederick A. HUNTER, Appellant,**

v.

**CITY SOLICITOR, CITY AND COUNTY OF PHILADELPHIA, PENNSYLVANIA.**

**No. 18336.**

United States Court of Appeals, Third Circuit.

Submitted June 25, 1971.

Decided July 2, 1971.

Frederick A. Hunter, pro se.

John Mattioni, Deputy City Sol., Levy Anderson, City Sol., Philadelphia, Pa., James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellee.

Before BIGGS, ADAMS, and RO-SENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from two orders of the District Court for the Eastern District of Pennsylvania, dismissing the City of Philadelphia and the City Solicitor of Philadelphia as parties defendant in this action, which was brought under the Civil Rights Act, 42 U.S.C.A. § 1983.

Plaintiff commenced the action with a complaint for damages, claiming basically that the City of Philadelphia and the City Solicitor had deprived him of his civil rights. He alleged that at a hearing on his petition under the Post Conviction Hearing Act, he requested a copy of the notes of testimony in the event he wished to take an appeal; that the court granted the request; that the court then denied plaintiff's petition for relief under the Act; that the plaintiff then requested the notes of testimony from his attorney, the court, the chief stenographer and the Clerk of Quarter Sessions;

that he did not receive the notes which he needed for the appeal; and that the defendants, under "color of right," thus frustrated his statutory right to take an appeal.

The City of Philadelphia and the City Solicitor filed answers alleging that the District Court lacked subject matter jurisdiction and that the City Solicitor was in no way responsible for the activities referred to in plaintiff's complaint.

The District Court first entered an order dismissing the complaint against the City of Philadelphia on the ground that the City "is not a person within the meaning of the Civil Rights Act." Thereafter, the District Court entered a second order dismissing the complaint against the "City Solicitor since he has no connection with [the] alleged deprivation of plaintiff's constitutional rights."

In United States ex rel. Gittelmacker v. County of Philadelphia et al., 413 F. 2d 84 (3rd Cir.1969), this Court, in sustaining an order of dismissal, squarely held that the City of Philadelphia is not a "person" against whom a plaintiff may maintain an action within the meaning of the Civil Rights Act.

As to the dismissal of the City Solicitor as a defendant, we have carefully reviewed the complaint and find no reference in it to any request made to the City Solicitor for the notes of testimony or to any denial or any other action by the City Solicitor regarding the notes or anything else dealing with the plaintiff. Nor is this merely a question of faulty pleading. Under the Philadelphia Home Rule Charter, Section 4.400, the Solicitor has nothing to do with the notes of testimony or with post conviction hearing proceedings. Instead, such proceedings involve the Commonwealth of Pennsylvania and the District Attorney's office.

An order will be entered dismissing the appeal.